## Case No. 861.

### BANK OF CLEVELAND v. STURGES et al.

[2 McLean, 341.][1]

Circuit Court, D. Ohio. Dec. Term, 1840.

JUDGMENT LIENS—MORTGAGE—PRIORITY—OHIO STATUTES.

A judgment was entered, 2d July, 1839, against Beebee, Vantine & Co., in this court. On the 28th June, 1839, Vantine executed a mortgage on a certain tract of land to secure the payment of a debt due the complainant. The mortgage was filed with the recorder of the proper county for record the 2d July. *Held* that the judgment lien was paramount, as it took effect, from the first day of the term, which was the first of July.

[See Sturgess v. Bank of Cleveland. Case No. 13,571; Jeffrey v. Moran, 101 U. S. 285.]

[In equity. Bill by the Bank of Cleveland to enjoin Sturges, Roe and Barker from selling on execution the property of Vantine in satisfaction of a judgment obtained against Beebee, Vantine & Co. Decree for respondents. The property was subsequently sold to Sturges, who brought ejectment against the Bank of Cleveland under his marshal's deed. See Sturgess v. Bank of Cleveland, Case No. 13.571.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Turner, for plaintiff.

Messrs. Swayne and Bates, for defendants.

LEAVITT, District Judge. The object of this bill is to obtain an injunction to stay a sale at law, on an execution issued from this court. The material facts, as stated in the bill, are as follows: On the 2d of July, being the second day of the July term of this court, in the year 1839, Sturges, Roe and Barker obtained a judgment against Beebee, Vantine & Co.; and an execution having issued on this judgment, certain real estate has been levied on, as the property of Vantine, which is about to be offered for sale by the marshal. The bill then asserts, in behalf of the Bank of Cleveland, a preferable lien on this real estate, in virtue of a mortgage, dated the 2 th of June, 1839, executed by Vantine and wife, to secure the payment of a debt due to the bank from Vantine. This mortgage was filed for record, with the recorder for the county of Cuyahoga, on the 2d day of July following. It is insisted, by the counsel for the bank, that these facts call for the interposition of the chancery powers of this court, in staying the sale on the judgment, in favor of Sturges, Roe and Barker. The ground on which this position is based is, that a mortgage creates a specific lien on the mortgaged premises, from the date of its execution, and imports a preferable lien to that created by a judgment rendered prior to the filing of the mortgage for record. And a number of cases are referred to, from which it appears that this is the settled law in some of the states of the Union. Chancellor Kent, in laying down the law on this subject, as established in the state of New York, (4 Comm. 166,) says—"A mortgage not registered has preference over a subsequent docketed judgment." And, again; "an unregistered mortgage is still a valid conveyance, and binds the estate, except against subsequent bona fide purchasers and mortgagees, whose conveyances are recorded." But he adds—"the rule in Pennsylvania is different, and the docketed judgment is preferred, and not unreasonably, for there is much good sense, as well as simplicity, in the proposition, that every incumbrance, whether it be a registered deed, or docketed judgment, should, in cases free from fraud, be satisfied according to the priority of lien, upon the record which is open for public inspection." The only exception to the rule, thus approvingly referred to by the learned writer, is furnished in the case of a mortgage executed at the time of a conveyance of real estate to secure the payment of the purchase money. Under such circumstances the mortgage is properly preferred to a prior judgment.

The statutes of Ohio, declaring the effect of judgments, on the real estate of the debtor, and providing for the registry of mortgages, as understood and construed by the supreme court of the state, seem fully to sustain the position, that liens on land, whether by judgment or mortgage, in the absence of fraud, are to be discharged according to the order of time in which they respectively attached. And this time is not left doubtful under the statutory enactments of the state, but is clearly and definitely fixed. The second section of the statute regulating judgments and executions (3 Chase's St. 1709) declares that "the lands and tenements of the debtor shall be bound for the satisfaction of any judgment against such debtor, from the first day of the term, at which such judgment shall be rendered." And the amendatory act, concerning the registry of mortgages, passed March 16, 1838, (36 Ohio Laws, p. 62,) provides that "mortgages do and shall take effect, and have preference from the time the same are delivered to the recorder of the proper county, to be by him entered on record." The judgments of this court create a lien on all the lands of the debtor within its territorial jurisdiction; and, under the provision of the statute just referred to, that lien attaches from the first day of the term at which judgment is entered. In the case before the court the judgment became an effective lien on the real estate of Vantine, from the first day of July, 1839, that being the first day of the term at which it was obtained. The mortgage, though executed on the 28th of June, took effect from the 2d of July, the day on which it was deposited for record with the proper officer. The judgment, therefore, in point of time, has priority of the mortgage by the space of one day. And we think the rights of these parties must be determined in accordance with the principle embodied in the maxim, "qui est prior in tempore, potior in jure."

This principle forms the basis of the decision of the supreme court of Ohio in the case of Magee v. Beatty, 8 Ohio, 396. The facts in that case were substantially as follows: Magee had recovered a judgment against Beatty, at a term of the court of common pleas of Guernsey county, commencing on the 24th day of March. On the 27th of February, preceding, Beatty had executed a mortgage of the real estate in question, which was filed for record on the 14th of March, being ten days prior to the taking effect of the judgment. The judgment creditor filed a bill in chancery, asking the decree of the court, postponing the lien of the mortgage, and for the sale of the land to satisfy the judgment. In their opinion, the court say—"It is a case of two creditors contending for the priority of lien; and this priority must depend on the construction of the statutes relative to the subject." And, after an examination of the statutory provisions, the court arrive at the conclusion that the mortgagee has the preferable lien, solely on the ground that his mortgage was filed for record, and, therefore, took effect before the rendition of the judgment. There is no reference to, or recognition of, the doctrine,

that a mortgage imports a superior equity to that created by a judgment; and, therefore, that the latter, though prior in time, must be postponed to the mortgage. We can perceive no reason to doubt the correctness of this conclusion. The application for the injunction is therefore overruled.